```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

JOHN HICKEY, JOHN PASQUALE, HELEN              ECF CASE
MAURIZIO and MARILYN LIPMAN, as
trustees of the Local 758 Pension Fund,
the Local 758 Benefit Fund, and the
Local 758 Education and Scholarship
Fund,

                    Plaintiffs,

       - against -                             No. 05 Civ. 3760 (RCC)

PROPERTY MARKETS GROUP, INC., and 240
WEST 73RD STREET, LLC, d/b/a COMMANDER
HOTEL,

                    Defendants.                COMPLAINT

----------------------------------------X
```

INTRODUCTION

1.     This is an action by the trustees of the Local 758 Pension Fund, the Local 758 Benefit Fund, and the Local 758 Education and Scholarship Fund, hereinafter referred to as "the Pension Fund", "the Benefit Fund", and "the Education Fund", respectively, and collectively as "the Funds", to collect unpaid contributions owed to the Funds by defendants Property Markets Group, Inc. ("PMG"), and 240 West 73rd Street, LLC, d/b/a Commander Hotel ("Commander"), interest on the unpaid contributions, liquidated damages as provided for by law, attorneys' fees and costs of this action incurred by the Funds,

and for such other legal and equitable relief as the Court may deem appropriate.

## JURISDICTION AND VENUE

2.  This action arises under section 502(a)(3) of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1132(a)(3).  This Court has jurisdiction of this action pursuant to ERISA section 502(e)(1), 29 U.S.C. § 1132(e)(1).

3.  The Funds are administered in New York, New York.  Venue is therefore proper in the Southern District of New York under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## PARTIES

4.  Plaintiffs John Hickey, John Pasquale, Helen Maurizio and Marilyn Lipman are the trustees of each of the Funds.

5.  The Funds are employee benefit plans within the meaning of ERISA section 3(3), 29 U.S.C. § 1002(3), and are multiemployer plans within the meaning of ERISA section 3(37), 29 U.S.C. § 1002(37).  The Pension Fund was formerly known as the Local 144-Associated Hotel Pension Fund and is authorized under its trust agreement to do business under both its current and former name.  The Benefit Fund was formerly known as the Hotel Front Insurance Fund and is authorized under its trust agreement

to do business under both its current and former name.

6. Defendant PMG at all times material hereto operated a hotel located at 240 West 73rd Street, New York, New York, and is an employer within the meaning of ERISA section 3(5), 29 U.S.C. § 1002(5).

7. Defendant Commander at all times material hereto operated a hotel located at 240 West 73rd Street, New York, New York, and is an employer within the meaning of ERISA section 3(5), 29 U.S.C. § 1002(5).

8. PMG and Commander, hereinafter referred to collectively as the Employer, acted jointly in operating the hotel and employing employees to provide services at the hotel.

9. The Employer recognizes Local 758, Hotel & Allied Services Union, SEIU, AFL-CIO ("the Union") as the exclusive representative of certain of its employees for purposes of collective bargaining.

10. The Employer is and has been a party to a series of collective bargaining agreements with the Union ("the Agreement"), including, most recently, a settlement agreement dated November 20, 2002.

11. The Agreement covers all employees of the Employer except managers, assistant managers, head housekeeper, supervisors, and executives.

AS AND FOR A FIRST CAUSE OF ACTION

12. Pursuant to the Agreement, the Employer is required to pay on or before the tenth (10th) day of each month a monthly contribution to the Pension Fund in the amount of six and one-half percent (6½%) of the previous month's gross payroll of the employees covered by the Agreement. These contributions are collected for the purpose of providing retirement benefits to Fund participants and beneficiaries.

13. Pursuant to the Pension Fund's trust agreement, interest on unpaid contributions is assessed at the rate of eighteen percent (18%) per annum, and liquidated damages are assessed at the rate of twelve percent (12%) of the amount of unpaid contributions.

14. The Employer has breached the Agreement in that it has failed to pay all of the contributions due for the period from January 2002 through the present.

15. The amount of contributions due and owing for that period is $47,502.70.

16. By its failure to pay contributions owed to the Pension Fund, the Employer has violated section 515 of ERISA, 29 U.S.C. § 1145.

AS AND FOR A SECOND CAUSE OF ACTION

17. Plaintiffs repeat, reallege and incorporate herein

each of the allegations in paragraphs 1 through 16 above with the same force and effect as if set forth in full.

       18.   Pursuant to the Agreement, during the period from July 1, 2001 through June 30, 2002, the Employer was required to pay on or before the tenth (10th) day of each month a monthly contribution to the Benefit Fund in the amount of twelve and one-half percent (12½%) of the previous month's gross payroll of the employees covered by the Agreement.  These contributions are collected for the purpose of providing medical, dental, optical and other benefits to Fund participants and beneficiaries.

       19.   Pursuant to the Agreement, during the period from July 1, 2002 through June 30, 2003, the Employer was required to pay on or before the tenth (10th) day of each month a monthly contribution to the Benefit Fund in the amount of fourteen percent (14%) of the previous month's gross payroll of the employees covered by the Agreement.

       20.   Pursuant to the Agreement, during the period from July 1, 2003 through the present, the Employer has been required to pay on or before the tenth (10th) day of each month a monthly contribution to the Benefit Fund in the amount of fifteen and one-half percent (15½%) of the previous month's gross payroll of the employees covered by the Agreement.

       21.   Pursuant to the Benefit Fund's trust agreement,

interest on unpaid contributions is assessed at the rate of eighteen percent (18%) per annum, and liquidated damages are assessed at the rate of twelve percent (12%) of the amount of unpaid contributions.

22. The Employer has breached the Agreement in that it has failed to pay all of the contributions due for the period from January 2002 through the present.

23. The amount of contributions due and owing for that period is $8,985.70.

24. By its failure to pay contributions owed to the Benefit Fund, the Employer has violated section 515 of ERISA, 29 U.S.C. § 1145.

AS AND FOR A THIRD CAUSE OF ACTION

25. Plaintiffs repeat, reallege and incorporate herein each of the allegations in paragraphs 1 though 24 above with the same force and effect as if set forth in full.

26. Pursuant to the Agreement, during the period from July 1, 2001 to the present, the Employer has been required to pay on or before the tenth (10th) day of each month a monthly contribution to the Education Fund in the amount of one dollar and fifty cents ($1.50) per employee per week for the preceding month for all employees covered by the Agreement. These contributions are collected for the purpose of providing

scholarship assistance and educational benefits to Fund participants and beneficiaries.

27.  Pursuant to the Education Fund's trust agreement, interest on unpaid contributions is assessed at the rate of eighteen percent (18%) per annum, and liquidated damages are assessed at the rate of twelve percent (12%) of the amount of unpaid contributions.

28.  The Employer has breached the Agreement in that it has failed to pay all of the contributions due for the period from January 2002 through the present.

29.  The amount of contributions due and owing for that period is $1,628.50.

30.  By its failure to pay contributions owed to the Education Fund, the Employer has violated section 515 of ERISA, 29 U.S.C. § 1145.

PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that judgment be entered:

1.  Awarding to the Pension Fund the contributions due in the amount of $47,502.70, and all additional amounts shown to be due and owing;

2.  Awarding to the Benefit Fund the contributions due in the amount of $8,985.70, and all additional amounts shown to be due and owing;

      3. Awarding to the Education Fund the contributions due in the amount of $1,628.50, and all additional amounts shown to be due and owing;

      4. Awarding to each of the Funds interest on all unpaid contributions for the period from the original due date through the date of payment at the rate of eighteen percent per annum;

      5. Awarding to each of the Funds liquidated damages assessed on all delinquent contributions at the rate of twelve percent;

      6. Awarding to the Funds the attorneys' fees and costs of this action;

      7. Granting to plaintiffs such other and further relief as the Court may deem just and proper.

Dated:    New York, New York  
           April 14, 2005

                                GLADSTEIN, REIF & MEGINNISS LLP

                                By:    s/ Kent Y. Hirozawa  
                                      Kent Y. Hirozawa (KH 4465)

                                817 Broadway, 6th Floor  
                                New York, New York  10013  
                                (212) 228-7727

                                Attorneys for Plaintiffs

I:\WPDOCS\HF\commander complaint.wpd