UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN HICKEY, JOHN PASQUALE, HELEN MAURIZIO and MARILYN LIPMAN, as trustees of the Local 758 Pension Fund, the Local 758 Benefit Fund, and the Local 758 Education and Scholarship Fund,

                      Plaintiffs,

      - against -

PROPERTY MARKETS GROUP, INC., and 240 WEST 73RD STREET, LLC, d/b/a COMMANDER HOTEL,

                      Defendants.

ECF CASE

No. 05 Civ. 3760 (RCC)

STIPULATION AND ORDER

---

WHEREAS defendant 240 West 73rd Street, LLC, d/b/a Commander Hotel ("Commander") and Local 758, Hotel & Allied Services Union, SEIU, AFL-CIO ("the Union") has been party to a settlement agreement and a collective bargaining agreement pursuant to which defendants are required to pay monthly contributions to the Local 758 Pension Fund, the Local 758 Benefit Fund, and the Local 758 Education and Scholarship Fund, hereinafter referred to collectively as "the Funds"; and

WHEREAS defendants Property Markets Group, Inc., and Commander have failed to remit contributions for certain months; and

WHEREAS plaintiff trustees of the Funds have brought this action to collect unpaid contributions to the Funds due and owing by defendants; and

- 1 -

WHEREAS plaintiffs and defendants are desirous of resolving the dispute upon the terms set forth below, in consideration of the aforesaid representations and the undertakings agreed to herein,

NOW, THEREFORE, it is hereby stipulated and agreed by and between the undersigned counsel for the parties that:

1. On or before November 18, 2005, defendants shall pay to each of the Funds the amount set forth below opposite the Fund's name:

| | |
|---|---|
| Local 758 Pension Fund | $18,245.62 |
| Local 758 Benefit Fund | $60,537.59 |
| Local 758 Education & Scholarship Fund | $1,216.80 |

2. Each payment provided for in paragraph 1 above shall be made by delivery of a check payable to the respective fund, on or before the date the payment is due, to counsel for plaintiffs at the following address: Kent Y. Hirozawa, Gladstein, Reif & Meginniss LLP, 817 Broadway, 6th Floor, New York, New York 10003.

3. Nothing in this Agreement shall be construed to relieve defendants of any of their obligations under the settlement agreement, collective bargaining agreement or successive collective bargaining agreement or under federal, state or local law, or as a waiver by the Funds or the Union of any rights or remedies, except as expressly stated in this Agreement.

4. The Funds reserve the right to correct the determinations of amounts of contributions due for the period from January 1, 2003 through September 30, 2004, whether by audit of defendants' books and records or any other method. Defendants reserve the right to assert any and all defenses it may have with respect to claims asserted by the Funds pursuant to this reservation of rights.

5. Interest, penalties and fees not included in the payments provided for above in paragraph 1 are waived only to the extent that those payments are made in full compliance with this agreement. This waiver does not apply to contributions that were not timely paid in accordance with this agreement, whether because the payroll or hours upon which the contributions are based were not reported prior to the execution of the agreement, or for any other reason.

6. In the event that any payment required under paragraph 1 above is not made within the time provided for above, defendants shall pay, in addition, interest for the period from September 6, 2005 through the date of payment at the rate of eighteen percent (18%) per annum. In the event that any payment is not made within seven (7) calendar days of the original due date, defendants shall pay, in addition, a penalty of five thousand dollars ($5,000.00), and shall be liable to the Funds for all attorneys fees and costs incurred by plaintiffs in connection with this matter after the original payment due date.

7. The amounts payable pursuant to paragraph 1 above represent a discount from the amounts of contributions, interest and liquidated damages that were asserted to be due, based on data reported by defendants and presumptions used by the Funds in the absence of reported data, in a facsimile communication from counsel for plaintiffs on September 6, 2005. The reservation of rights contained in paragraph 4 above is not intended to permit a reduction in the dollar amount of such discount unless defendants have failed to comply with ~~this Stipulation and~~ THEIR OBLIGATIONS UNDER PARAGRAPHS 1 AND 2, ~~Order in some respect~~. TIME AND PERFORMANCE TO BE OF THE ESSENCE.

8. This action shall be voluntarily dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure, with prejudice, except that the dismissal shall be without prejudice to

- 3 -

reinstatement of the action upon application by plaintiffs based on defendants' failure to comply with the terms of this Stipulation and Order.

Dated: New York, New York
       October 21, 2005

PROPERTY MARKETS GROUP, INC., and 240 WEST 73RD STREET, LLC

By: _____
Franklin R. Kaiman (FRK7063)
5 East 17th Street, 2nd Floor
New York, New York 10003
(212) 610-2855

Attorney for Defendants

GLADSTEIN, REIF & MEGINNISS, LLP

By: _____
Kent Y. Hirozawa (KH 4465)
817 Broadway
New York, New York 10003
(212) 228-7727

Attorneys for Plaintiffs

SO ORDERED:

_____
U.S.D.J.